IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13–30–M–DWM–9 |
| Plaintiff, | |
| vs. | ORDER |
| JOSEPH PURIFICATO, | |
| Defendant. | |

Defendant Joseph Purificato is charged by Superseding Indictment with engaging in a child exploitation enterprise, in violation of 18 U.S.C. § 2252A(g) (Count I), and conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d) and (e) (Count II). (Doc. 187.) Purificato made his initial appearance and was arraigned before United States Magistrate Judge Jeremiah C. Lynch on December 16, 2013. (Doc. 178.) A Detention Hearing was held December 20, 2013. (Doc. 188.) Judge Lynch entered an Order setting conditions of release. (Doc. 189.) The United States now moves to stay, (Doc. 186), and revoke, (Doc. 192), Judge Lynch's Order.

A United States Magistrate Judge is authorized to Order an arrested person be released or detained pending judicial proceedings. *See* 18 U.S.C. § 3141. A

party may move for review of such an order by the court with original jurisdiction over the offense, pursuant to § 3145(a). A motion for review "shall be determined promptly." *Id.* § 3145(a). The Court reviews an Order setting conditions of release *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

Pretrial release of a defendant is governed by the Bail Reform Act, which requires release of a person facing trial under the least restrictive set of conditions that will reasonably assure their appearance and the safety of the community. *See* 18 U.S.C. § 3142. A rebuttable presumption arises, positing that no condition or combination of conditions will meet these ends, if there is probable cause to believe that the Defendant committed an offense involving a minor victim, including the charge of conspiracy to advertise child pornography levied against Purificato in Count II of the Superseding Indictment. *See id.* § 3142(e)(3). If the defendant rebuts the presumption, the presumption is not erased; "rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3242(g).'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). "If a defendant proffers evidence to rebut the presumption of dangerousness, the court considers four factors in determining whether the pretrial detention standard is met: (1) the

nature and circumstances of the offense charged, . . . ; (2) the weight of the

evidence against the person; (3) the history and characteristics of the person,

including the person's character, physical and mental condition, family and

community ties, employment, financial resources, past criminal conduct, and

history relating to drug or alcohol abuse; and (4) the nature and seriousness of the

danger to any person or the community that would be posed by the defendant's

release." *Id.* (citing 18 U.S.C. § 3142(g)).

Although the presumption imposes a burden of production on the defendant,

the burden of persuasion with regard to both the risk of flight and dangerousness

remains with the United States. *Id*. To sustain its burden of persuading the Court

that no conditions will reasonably ensure the safety of any other person or the

community, the government must present clear and convincing evidence to that

effect. 18 U.S.C. § 3142(f)(2). The standard of proof necessary to support a

finding that no conditions will reasonably ensure the defendant's appearance,

however, is the preponderance of the evidence standard. *United States v. Aitken*,

898 F.2d 104, 107 (9th Cir. 1990).

On review of the parties' submissions and Judge Lynch's Order of Release

and statement of reasons, the Court finds the release of Purificato on the specified

conditions is warranted. Judge Lynch cogently considered the factors set forth at

18 U.S.C. § 3142(g) in his statement of reasons. (*See* Doc. 190 at 4-6.) This rationale justifying the Order and Conditions of Release is sound and stands on its own merits. At the detention hearing and in the Motion at bar, the United States did not present evidence that Purificato poses a risk of flight. Purificato submitted ample evidence to rebut the presumption of dangerousness, including the fact that he has no prior criminal history. In the final analysis, the United States did not meet its burden to show by clear and convincing evidence that no set of conditions will ensure the safety of any other person or the community. The conditions of release set by Judge Lynch include home detention and a broad prohibition on possession of electronic devices. (Doc. 189 at 2-3.) These restrictive conditions address the community safety concerns identified by the United States. The concerns identified by the government regarding the Defendant's history and characteristics and danger to the community are adequately addressed by the conditions of release set forth in Judge Lynch's Order.

The United States avers that location monitoring and tracking of the Defendant is insufficient as it will not inform law enforcement if Purificato is in the presence of a child and there is a risk that law enforcement would not be able to respond quickly enough to a violation of his home detention condition. (Doc. 193 at 17.) This argument is unpersuasive. Although the evidence against

Purificato in this case may be relatively strong, he has no criminal history and no history of admitted or adjudicated inappropriate sexual conduct as an adult. Furthermore, the release conditions set by the Court need only reasonably assure, rather than guarantee, the safety of the community. *Hir*, 517 F.3d at 1092 n.9. The government has not proven by clear and convincing evidence that the significant curtailment of Purificato's liberty attendant to the conditions governing his pretrial release fails to reasonably assure the safety of the community.

IT IS ORDERED that the United States' Motion for Revocation of the Order of Release, (Doc. 192), is DENIED. Joseph Purificato shall remain on pretrial release on the conditions as set forth in the Order Setting Conditions of Release, (Doc. 189).

IT IS FURTHER ORDERED that the United States' Motion to Stay the Order of Release, (Doc. 186), is DENIED AS MOOT.

Dated this 6th day of January, 2014.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT